25 Civ. 10532 (JPC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID O'KEEFE,

Plaintiff,

-against-

THE CITY OF NEW YORK, ALLIED UNIVERSAL,
BOP NE LLC, BROOKFIELD PROPERTIES, and NEW
YORK CITY POLICE OFFICERS JAMES FARRELL
and MARIAN BENCEA,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, NY 10007*

*Of Counsel:  Mark Zuckerman*
*Tel:  (212) 356-3519*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 1

LEGAL STANDARD

      A.      Rule 12(b)(1).................................................................................... 3

      B.      Rule 12(b)(6).................................................................................... 4

ARGUMENT

    POINT I

        PLAINTIFF LACKS STANDING TO SEEK
        INJUNCTIVE RELIEF AGAINST THE CITY ........................................ 5

    POINT II

        PLAINTIFF'S CLAIMS FOR DECLARATORY
        RELIEF FAIL ....................................................................................... 9

    POINT III

        PLAINTIFF'S CLAIM FOR INJUNCTIVE
        RELIEF AGAINST THE CITY PURSUANT TO
        NYC ADMINISTRATIVE CODE 8-805 FAILS..................................... 11

CONCLUSION........................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

Abortion Rights Mobilization v. Regan,
   544 F. Supp. 471 (S.D.N.Y. 1982) ........................................................................................10

Almareh v. Mayorkas,
   20 Civ. 11024 (VEC), 2021 U.S. Dist. LEXIS 203546
   (S.D.N.Y. Oct. 20, 2021) ........................................................................................................3

An v. City of New York,
   16 Civ. 5381 (LGS), 2017 U.S. Dist. LEXIS 84364 (S.D.N.Y. June 1, 2017).......................7, 8

An v. City of New York,
   230 F. Supp. 3d 224 (S.D.N.Y. 2017).............................................................................5, 6, 10

Ashcroft v. Iqbal,
   556 U.S. 662 (2008)................................................................................................................4, 9

Aurecchione v. Schoolman Transp. Sys., Inc.,
   426 F.3d 635 (2d Cir. 2005).......................................................................................................3

Banushi v. City of New York,
   09 Civ. 2937 (KAM), 2010 U.S. Dist. LEXIS 109903
   (E.D.N.Y. Oct. 15, 2010) (KAM) ...............................................................................................9

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007)....................................................................................................................4

Carter v. HealthPort Techs., LLC,
   822 F.3d 47 (2d Cir. 2016)..........................................................................................................3

Chiste v. Travelocity.com, LP,
   756 F. Supp. 2d 382 (S.D.N.Y. 2010).........................................................................................9

City of Los Angeles v. Lyons,
   461 U.S. 95 (1983)..................................................................................................................6, 7

Cont'l Cas. Co. v. Coastal Sav. Bank,
   977 F.2d 734 (2d Cir. 1992)........................................................................................................9

Cortland St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.,
   790 F.3d 411 (2d Cir. 2015).......................................................................................................5

Cuevas v. City of New York,
   07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984 (S.D.N.Y. Dec. 7, 2009) ......................9

**Cases**                                                                    **Pages**

De La Cruz v. City of New York, et. al.,
   24 Civ. 2289 (ALC), 2026 U.S. Dist. LEXIS 70482 (S.D.N.Y. Mar. 31, 2026)................3, 10

Demaitre v. City of New York,
   18 Civ. 12403 (PGG), 2020 U.S. Dist. LEXIS 189206
   (S.D.N.Y. Oct. 11, 2020) ......................................................................................8

Dolphin Direct Equity Partners, LP v. Interactive Motorsports & Entertainment
   Corp.,
   08 Civ. 1558 (RMB)(THK), 2009 U.S. Dist. LEXIS 21938
   (S.D.N.Y. Mar. 2, 2009) ......................................................................................9

Franks v. City of New York,
   13 Civ. 5264 (KAM), 2017 U.S. Dist. LEXIS 49532
   (E.D.N.Y. Mar. 31, 2017) ....................................................................................8

Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv's. (TOC), Inc.,
   528 U.S. 167 (2000)..............................................................................................6

Harty v. Simon Property Group, L.P.,
   428 Fed. App'x. 69 (2d Cir. 2011) (Summary Order) ..........................................6

ICOS Vision Systems Corp., N.V. v. Scanner Technologies Corp.,
   699 F. Supp. 2d 664 (S.D.N.Y. 2010)................................................................10

Iqbal v. Hasty,
   490 F.3d 143 (2d Cir. 2007)..................................................................................5

John v. Whole Foods Mkt. Grp., Inc.,
   858 F.3d 732 (2d Cir. 2017)..................................................................................3

Leibovitz v. City of New York,
   15 Civ. 1722 (KAM), 2015 U.S. Dist. LEXIS 84995 (E.D.N.Y. June 30, 2015).................. 8-9

MacIssac v. Town of Poughkeepsie,
   770 F. Supp. 2d 587 (S.D.N.Y. 2011)................................................................7, 8

Marcavage v. The City of New York,
   689 F.3d 98 (2d Cir. 2012)................................................................................6, 10

Morrison v. Nat'l Australia Bank,
   547 F.3d 167 (2d Cir. 2008)..................................................................................3

J.S. ex rel. N.S. v. Attica Cent. Sch.,
   386 F.3d 107 (2d Cir. 2004)..................................................................................4

**Cases**                                                                                                   **Pages**

O'Shea v. Littleton,
    414 U.S. 488 (1974).................................................................................................5, 6

In re REFCO Inc. Securities Litig.: Krys v. Aaron,
    07-md-1902 (JSR), 08 Civ. 7416 (JSR), 2010 U.S. Dist. LEXIS 142588
    (S.D.N.Y. July 19, 2010) ............................................................................... 9-10

Ross v. Bank of Am., N.A. (USA),
    524 F.3d 217 (2d Cir. 2008).......................................................................................5

Shain v. Ellison,
    356 F.3d 211 (2d Cir. 2004).................................................................................6, 7, 8

Swinton v. City of New York,
    08 Civ. 3278 (RJD)(RML), 2011 U.S. Dist. LEXIS 32384
    (E.D.N.Y. Mar. 28, 2011) ......................................................................................9

Tasini v. New York Times Corp., Inc.,
    184 F. Supp. 2d 350 (S.D.N.Y. 2002).....................................................................5

United States v. Doherty,
    786 F.2d 491 (2d Cir. 1986)....................................................................................10

United States v. Vazquez,
    145 F.3d 74 (2d Cir. 1998).......................................................................................3

W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP,
    549 F.3d 100 (2d Cir. 2008)......................................................................................3

Williams v. City of New York,
    34 F. Supp.3d 292 (S.D.N.Y. 2014)..................................................................5, 6, 7

Wilton v. Seven Falls Co.,
    515 U.S. 277 (1995)................................................................................................9

| **Statutes** | **Pages** |
|---|---|

NYC Administrative Code 8-803 ........................................................................................11

NYC Administrative Code 8-805 ........................................................................................11

NYC Administrative Code 8-805(3) ....................................................................................11

Fed. R. Civ. P. 8 ..................................................................................................................4

Fed. R. Civ. P. 8(a)(2) .........................................................................................................5

Fed. R. Civ. P. 12(b)(1) ............................................................................................1, 3, 5, 10

Fed. R. Civ. P. 12(b)(6) ................................................................................................1, 4, 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

DAVID O'KEEFE,

                                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, et. al.,

                                                    Defendants.

------------------------------------------------------------------------- x

**DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF**

25 Civ. 10532 (JPC)

## PRELIMINARY STATEMENT

Defendant City of New York (the "City"), hereby respectfully submits its Memorandum of Law in support of its motion to dismiss plaintiff's claims for injunctive and declaratory relief against made in the Complaint (the "Complaint") with prejudice pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. For the reasons set forth herein, the City's motion should be granted in its entirety and plaintiff's claims against the City for injunctive and declaratory relief dismissed with prejudice. Simply, plaintiff lacks standing to seek injunctive or declaratory relief, and declaratory relief does not lie in in any event based on the facts alleged in the Complaint.

## STATEMENT OF FACTS

On April 2, 2025, five days after [the law firm of Skadden, Arps, Meagher & Flom LLP had agreed to provide $100 million in pro bono services for causes that President Trump supports], [plaintiff] chose to publicly register his disapproval of Skadden's action by protesting outside the firm's New York City Office. (Complaint, ¶¶29, 31) "The office [of Skadden] is located in One Manhattan West, an office building at 395 9th Avenue, owned by Defendant Brookfield." (Complaint, ¶31)

"Mr. O'Keefe stood on the pavement outside the building, in an area that allowed both Skadden employees on their way into their office building and other passersby to see his protest." (Complaint, ¶32) "This area where Mr. O'Keefe protested was in the Manhattan West POPS, owned and operated by Defendant Brookfield." (Complaint, ¶33) "Brookfield has allowed other protests to take place in the Manhattan West POPS and allows a range of other activities and public events to take place there, including events with political messages." (Complaint, ¶36)

"Throughout his protest [of April 2, 2025] in the Manhattan West POPS, Mr. O'Keefe stood to the side of the pedestrian walkway and did not impede pedestrian travel." (Complaint, ¶42) "He did not use sound amplification, nor did he shout or otherwise create any excessive noise or disturbance." (Complaint, ¶42) "At all times, his protest was peaceful and did not impede the public use and enjoyment of the Manhattan West POPS." (Complaint, ¶42) "Mr. O'Keefe held a sign during his protest reading "[h]ey Skadden I found Your Spine in the Trash Lying Next to Your Values!" (Complaint, ¶43) "The sign further described Skadden as 'Trump's $100 MILLION Lap Dog.'" (Complaint, ¶43) "Along with the sign, Mr. O'Keefe held a replica of a human spine." (Complaint, ¶43)

"[D]uring his protest, a security guard told Mr. O'Keefe that he was not permitted to protest while in the Manhattan West POPS and had to leave." (Complaint, ¶45) "The guard told Mr. O'Keefe that 'they don't want that stuff here.'" (Complaint, ¶45) "Mr. O'Keefe continued his protest and declined to leave the POPS." (Complaint, ¶49) "…Brookfield and/or its security guard agent then called NYPD to have Mr. O'Keefe removed from the POPS." (Complaint, ¶50)

NYPD "Officers Farrell and Bencea arrived and told Mr. O'Keefe that he could not remain at the Manhattan West POPS without permission from the owner." (Complaint, ¶51) "Mr. O'Keefe declined to leave the POPS or cease his protest." (Complaint, ¶53) "Officers Farrell and

2

Bencea then arrested Mr. O'Keefe." (Complaint, ¶54) "He was handcuffed, taken to the 10th Precinct, searched, and held in a cell for an hour and a half before being released with a Criminal Court summons charging him with a trespass violation." (Complaint, ¶54) "The NYPD ultimately failed to file a legally acceptable accusatory instrument with the New York City Criminal Court." (Complaint, ¶54, n.1)

"Since his arrest, Mr. O'Keefe has regularly continued protesting Skadden's deal with President Trump, including by protesting in the Manhattan West POPS outside Skadden's office." (Complaint, ¶55) "However, since his…arrest, he has felt anxious each time he has exercised his right to protest." (Complaint, ¶56) "He fears it is just a matter of time before he is arrested again." (Complaint, ¶56)

## LEGAL STANDARD

A.     Rule 12(b)(1)

"The task of the district court is to determine whether the [complaint] 'allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'" John v. Whole Foods Mkt. Grp., Inc., 858 F.3d 732, 736 (2d Cir. 2017) (quoting Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016)) (internal citations omitted). The Court "accept[s] as true all material allegations of the complaint…and construe[s] the complaint in favor of the complaining party." W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP, 549 F.3d 100, 106 (2d Cir. 2008) (quoting United States v. Vazquez, 145 F.3d 74, 81 (2d Cir. 1998)). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison v. Nat'l Australia Bank, 547 F.3d 167, 170 (2d Cir. 2008). "'Rather, [t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.'" De La Cruz v. City of New York, et. al., 24 Civ. 2289 (ALC), 2026 U.S. Dist. LEXIS 70482, at *6 (S.D.N.Y. Mar. 31, 2026) (quoting Aurecchione

3

v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005)). "A court considering a Rule 12(b)(1) motion may [also] consider evidence outside of the pleadings to determine whether subject-matter jurisdiction exists." Almareh v. Mayorkas, 20 Civ. 11024 (VEC), 2021 U.S. Dist. LEXIS 203546, at *4 (S.D.N.Y. Oct. 20, 2021) (citing Morrison, supra, at 170). The Court "may not rely on conclusory or hearsay statements contained in the affidavits." J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).

**B.    Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (quoting Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

Two working principles determine whether a complaint may survive a motion to dismiss. Ashcroft, 556 U.S. at 678-679. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of

4

discovery for a plaintiff armed with nothing more than conclusions." Id.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. (citing Twombly, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'" – "that the pleader is entitled to relief.'" Id. (citing Fed. Rule Civ. Proc. 8(a)(2)).

## ARGUMENT

### POINT I

### PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF AGAINST THE CITY

"An objection to standing is properly made on a Rule 12(b)(1) motion." Williams v. City of New York, 34 F. Supp.3d 292, 294 (S.D.N.Y. 2014) (quoting Tasini v. New York Times Corp., Inc., 184 F. Supp. 2d 350, 354 (S.D.N.Y. 2002)). "Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" Ross v. Bank of Am., N.A. (USA), 524 F.3d 217, 222 (2d Cir. 2008).

"Standing for an equitable claim must appear on the face of the complaint in order to survive a motion to dismiss." O'Shea v. Littleton, 414 U.S. 488 (1974). "'A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action.'" An v. City of New York, 230 F. Supp. 3d 224, 230 (S.D.N.Y. 2017) (quoting Cortland St. Recovery Corp. v. Hellas Telecomms., S.A.R.L., 790 F.3d 411, 416-17 (2d Cir. 2015)). "'The plaintiff bears the burden of alleging facts that

5

affirmatively and plausibly suggest that [he] has standing to sue.'" Id. "When seeking injunctive relief against a municipality, a plaintiff has standing only if he can 'carry the burden of establishing that 'he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.''" An, supra, at 228 (quoting Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004)) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983)).

To establish standing, a plaintiff must show that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv's. (TOC), Inc., 528 U.S. 167, 180-181 (2000). An "abstract injury is not enough." Shain, 356 F.3d at 215.

Under the leading case of City of Los Angeles v. Lyons, supra, "a plaintiff seeking injunctive relief must demonstrate both a likelihood of future harm and the existence of an official policy or its equivalent." Shain, 356 F.3d at 216. "[A] plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." Harty v. Simon Property Group, L.P., 428 Fed. App'x. 69, 71 (2d Cir. 2011) (summary order) (citing Lyons at 105). In fact, a plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." Marcavage v. The City of New York, 689 F.3d 98, 103 (2d Cir. 2012) (quoting Lyons at 111). One past incident involving a particular plaintiff and the police has been found to be insufficient to confer standing. City of Los Angeles v. Lyons, supra.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea, supra, 414 U.S. at 495-96. The seminal case in this regard, Lyons, supra,

"occupies much of the territory" related to a citizen's standing to seek an injunction against law enforcement practices surrounding arrests. Williams, supra, 34 F. Supp.3d at 296 (citing Shain, supra, 356 F.3d at 215). In Lyons, the plaintiff alleged that he feared again being subjected to an illegal chokehold, and given the extensive use of chokeholds by the Los Angeles police, that he should be afforded standing to seek injunctive relief. However, the United States Supreme Court held that the risk that plaintiff himself would come into contact with the police and be subjected to a subsequent unlawful chokehold was speculative in nature and insufficient to confer equitable standing. Id., at 109; see also MacIssac v. Town of Poughkeepsie, 770 F. Supp. 2d 587, 601 (S.D.N.Y. 2011) (plaintiff's claim that he would be stopped, arrested and subjected to a taser gun again was speculative, and injunctive relief therefore denied).

Plaintiff easily fails the first prong of the foregoing Shain test as the Complaint does not plausibly allege the likelihood of future harm to him. Rather, plaintiff in truth relies exclusively on the one past arrest that is pled in the Complaint. As to events after April 2, 2025, plaintiff merely alleges that he undertook similar protest activities on April 4, 2025, April 11, 2025 and September 15, 2025, and that he was "harassed" by Brookfield and/or Allied Universal employees. (Complaint, ¶¶57-58) No facts whatsoever have been pled as to any conduct by NYPD directed at plaintiff other than the April 2, 2025 single past arrest. Thus, any allegation of likelihood of future harm by NYPD officers is completely hypothetical and speculative. Further, Lyons stands for the proposition that one past law enforcement interaction is insufficient to confer standing in arrest situations. See also MacIssac, supra; Williams, supra. For this reason alone, plaintiff's injunctive relief claim fails.

There is a split among district courts in this Circuit as to whether a showing sufficient for Monell liability is also sufficient to demonstrate a "formal policy or its equivalent"

necessary to confer standing to seek injunctive relief under Lyons.  See An v. City of New York, 16 Civ. 5381 (LGS), 2017 U.S. Dist. LEXIS 84364, at *8 (S.D.N.Y. June 1, 2017) (collecting cases).  The City respectfully submits that the Court should follow the cases which impose a more stringent requirement on plaintiff in demonstrating a "formal policy or its equivalent" than merely plausibly alleging Monell liability.

This issue was squarely addressed in MacIssac, supra. The MacIsaac court held that the "formal policy or its equivalent" requirement necessarily carries with it a "much narrower definition of an 'official policy' [than Monell], but one to which the courts of the Second Circuit have adhered when determining whether a particular plaintiff may seek injunctive relief." Id., at 597. The Complaint fails to meet the narrower "official policy or its equivalent" requirement as it fails to point to any official policy of the City to regularly violate the rights of individuals protesting in POPS. For this reason alone, plaintiff lacks standing to seek injunctive relief.

Even if the Court applies the same standard as is required to bring a claim for municipal liability in its determination of whether plaintiff has pled a "formal policy or its equivalent," which a number of courts have, see An, supra, 2017 U.S. Dist. LEXIS 84364, at *8, it still fails the second prong of the Shain test. All that plaintiff pleads is that "NYPD has a history of wrongfully forcing protestors to leave POPS," (Complaint, ¶52) "…the NYPD…has a pattern of similar constitutional violations in POPS" (Complaint, ¶68) and that the City "has additionally failed to train officers on the rights of New Yorkers in POPS…." (See Complaint, ¶69).

These allegations are completely improperly boilerplate and conclusory and no not plausibly demonstrate municipal liability. See Demaitre v. City of New York, 18 Civ. 12403 (PGG), 2020 U.S. Dist. LEXIS 189206, at *19-20 (S.D.N.Y. Oct. 11, 2020) ("Plaintiff points to a single incident of allegedly unconstitutional behavior, and then asserts — in a conclusory fashion

— that this conduct was the product of a municipal policy or custom. Such boilerplate allegations are not sufficient to state a claim under Monell."); Franks v. City of New York, 13 Civ. 5264 (KAM), 2017 U.S. Dist. LEXIS 49532, at *14 (E.D.N.Y. Mar. 31, 2017); Leibovitz v. City of New York, 15 Civ. 1722 (KAM), 2015 U.S. Dist. LEXIS 84995, at *12-14 (E.D.N.Y. June 30, 2015); Banushi v. City of New York, 09 Civ. 2937 (KAM), 2010 U.S. Dist. LEXIS 109903, at *35-37 (E.D.N.Y. Oct. 15, 2010) (KAM); Swinton v. City of New York, 08 Civ. 3278 (RJD)(RML), 2011 U.S. Dist. LEXIS 32384, at *15-17 (E.D.N.Y. Mar. 28, 2011) (dismissing as conclusory plaintiff's claim that [ADAs'] inflate charges); Cuevas v. City of New York, 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *10 (S.D.N.Y. Dec. 7, 2009) ("Plaintiff's boilerplate allegations against the City … satisfy neither the elements [for municipal liability], nor the pleading requirements set forth in Iqbal"). Plaintiff has not even brought a claim for municipal liability against the City. For these reasons as well, plaintiff's injunctive relief claims fail.

## POINT II

### PLAINTIFF'S CLAIMS FOR DECLARATORY RELIEF FAIL

Federal courts have "'unique and substantial discretion in deciding whether to declare the rights of litigants.'" Dolphin Direct Equity Partners, LP v. Interactive Motorsports & Entertainment Corp., 08 Civ. 1558 (RMB)(THK), 2009 U.S. Dist. LEXIS 21938, at *35 (S.D.N.Y. Mar. 2, 2009) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)); see also Chiste v. Travelocity.com, LP, 756 F. Supp. 2d 382, 407 (S.D.N.Y. 2010). In deciding whether to exercise this jurisdiction, the Second Circuit has held that courts should consider "whether a declaratory judgment will [i] 'serve a useful purpose in clarifying and settling the legal relations in issue'; or [ii] 'afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'"

9

Dolphin Direct, 2009 U.S. Dist. LEXIS 21938, at *35 (quoting Cont'l Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2d Cir. 1992)).

Courts require an "actual controversy between the parties" for declaratory relief to lie. In re REFCO Inc. Securities Litig.: Krys v. Aaron, 07-md-1902 (JSR), 08 Civ. 7416 (JSR), 2010 U.S. Dist. LEXIS 142588, at *41 (S.D.N.Y. July 19, 2010) (citing United States v. Doherty, 786 F.2d 491, 498-99 (2d Cir. 1986)). To warrant declaratory relief, "[t]here must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." ICOS Vision Systems Corp., N.V. v. Scanner Technologies Corp., 699 F. Supp. 2d 664, 667 (S.D.N.Y. 2010) (citations and internal quotation marks omitted).

Additionally, "[d]eclaratory judgment, like an injunction, is a form of prospective relief that requires a plaintiff to show 'a sufficient likelihood that he…will again be wronged in a similar way.'" An, supra, 230 F. Supp.3d at 231 (quoting Marcavage, supra, at 103). "A 'plaintiff seeking…declaratory relief cannot rely on past injury to satisfy [standing's] injury requirement but must show a likelihood that he or she will be injured in the future.'" De La Cruz, supra, at *30 (quoting An, supra, at 232). "'A plaintiff therefore must show 'an official policy or its equivalent.'" Id. "Thus, 'the issue of whether [plaintiff] has adequately alleged an official policy or its equivalent is dispositive with respect to [plaintiff's] claims for…declaratory…relief.'" Id. (quoting An, supra, at 232).

Plaintiff's declaratory relief claim fails pursuant to both Rules 12(b)(1) and (6), Fed. R. Civ. P. The Complaint does not plausibly allege a controversy of "sufficient immediacy and reality" to warrant a declaratory judgment. Plaintiff also fails to recognize the "different purposes of the declaratory and the injunctive remedies—the former allow a litigant to seek an

10

order from the court *before* subjecting [himself] to liability,…, while the latter more often is invoked to terminate *ongoing* injurious activity….” See Abortion Rights Mobilization v. Regan, 544 F. Supp. 471, 490 (S.D.N.Y. 1982) (emphasis added). Plaintiff does not allege that he is suing to redress a present injury; he merely expresses a desire to protest at an unspecified future time of his choosing in the Manhattan West POPS. As seen, he alleges no cognizable future harm either. As such, his declaratory relief claim fails in addition to plaintiff lacking standing to even bring such claim.

**POINT III**

**PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF AGAINST THE CITY PURSUANT TO NYC ADMINISTRATIVE CODE 8-805 FAILS**

NYC Administrative Code 8-805(3) states that the Court shall, as determined to be appropriate, “issue an order restraining such covered individual from engaging in further conduct in violation” of NYC Administrative Code 8-803. The City is not a “covered individual” pursuant to NYC Administrative Code 8-803. Thus, plaintiff may not seek injunctive relief against the City pursuant to NYC Administrative Code 8-805(3) either.

**CONCLUSION**

For the foregoing reasons, plaintiff's injunctive and declaratory relief claims all fail and should be dismissed with prejudice.

Dated:        New York, New York
              April 7, 2026


                              STEVEN BANKS
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City of New York
                              100 Church Street, Room 3-200
                              New York, New York 10007
                              (212) 356-3519

11

12

By:  /s/ Mark D. Zuckerman
     MARK D. ZUCKERMAN
     Senior Counsel