UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                 :

DAVID O'KEEFE,                       :

            Plaintiff,           :

       -v-                  :          25 Civ. 10532 (JPC)

                            :

CITY OF NEW YORK, *et al.*,       :           ORDER

                            :

           Defendants.       :

                 :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Defendants Brookfield Properties and BOP NE LLC (collectively, "Brookfield") move to stay discovery pending the Court's resolution of Defendants' forthcoming motions to dismiss and to extend their deadline to file the Civil Case Management Plan and Scheduling Order until one week after the Court rules on those motions. Dkt. 44 ("Motion"). The other parties in this case—Plaintiff David O'Keefe and Defendants Allied Universal, the City of New York, and New York City Police Officers James Farrell and Marian Bencea—join in Brookfield's request. *Id.* at 2. Brookfield argues that there is good cause for a stay because there is no prejudice, Defendants' forthcoming motions are potentially meritorious and could resolve nearly the entire case, the extended briefing schedule weighs in favor of a stay, and discovery would be extensive given the number of Defendants. *Id.* at 1-3.

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation modified). In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008

WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).  Courts generally consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey*, 316 F. Supp. 3d at 677.

After weighing these factors, the Court concludes that the parties have shown that good cause exists to stay discovery.  Discovery in this case would be extensive given that there are three distinct sets of Defendants.  Allied Universal and Brookfield have filed motions that, if granted, would entirely resolve the claims against them.  *See* Dkts. 29, 40.  The motion of the City of New York, if granted, would leave only Plaintiff's claims for damages against the City.  *See* Dkt. 39. "[I]n the event that some of Plaintiff['s] claims are dismissed and others survive," a stay may have the effect of "simplifying and shortening discovery . . . by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).   Without prejudging the merits of this case, Defendants' motions do not appear unfounded in the law and could largely dispose of the case.  *See* Motion at 2; *see also Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (collecting cases finding that a defendant's potentially dispositive showing on the merits weighs in favor of a stay).  Finally, as Plaintiff does not oppose the motion to stay discovery, the Court sees no resulting prejudice to him.

Accordingly, the Court grants Brookfield's motion and stays discovery pursuant to Federal Rule of Civil Procedure 26(c) pending the Court's ruling on Defendants' motions to dismiss or further order of the Court.  The parties shall file a proposed Civil Case Management Plan and Scheduling Order one week after the Court rules on those motions.

The Clerk of Court is respectfully directed to close Docket Number 44.

SO ORDERED.

Dated: April 13, 2026
      New York, New York

JOHN P. CRONAN
United States District Judge